# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-626V

|  |  |
|---|---|
| AIMEE SHER on behalf of her daughter, C.S., | Chief Special Master Corcoran |
| Petitioner, | Filed: April 1, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Matthew B. Vianello, Jacobson Press P.C., Clayton, MO,* for Petitioner.

*Alyssa M. Petroff, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 22, 2024, Aimee Sher, on behalf of her minor daughter C.S., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that C.S. suffered from Guillain-Barré syndrome ("GBS") after receiving an influenza ("flu") vaccination on September 17, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 19, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for C.S.'s GBS. On March 21, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $109,176.27, representing $9,176.27 for past unreimbursed expenses and $100,000.00 to purchase an annuity contract. Proffer at 2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

1) **a lump sum payment of $9,176.27, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

2) **An amount of $100,000.00 to purchase the annuity contract described in section II.B of the attached Proffer.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| **AIMEE SHER, on behalf of her daughter, C.S.,** | |
| Petitioner, | **No. 24-0626V** |
| | Chief Special Master Corcoran |
| v. | ECF |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** | |
| Respondent. | |

<u>**RESPONDENT'S PROFFER OF DAMAGES**</u>

**I.        <u>Procedural History</u>**

On April 22, 2024, Aimee Sher ("petitioner") filed a petition on behalf of her minor child, C.S., seeking compensation under the National Childhood Vaccine Injury Act of 1986, 43 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that C.S. suffered the Vaccine Injury Table injury of Guillain-Barre Syndrome ("GBS") after receiving an influenza ("flu") vaccine administered on September 17, 2022.  Petition at 1.  ECF No 1.  On February 20, 2025, respondent filed his Rule 4(c) report in which he conceded that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  ECF No 20.  Accordingly, on March 19, 2025, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation.  ECF No. 21.

**II.      <u>Items of Compensation and Form of the Award</u>**

Based upon the evidence of record, respondent proffers, and the parties recommend that compensation be made through a lump sum and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:

A.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to C.S.'s vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $9,176.27.  Petitioner agrees.

B.    Pain and Suffering

For pain and suffering, an amount not to exceed $100,000.00 to purchase an annuity contract,[1] paid to the life insurance company[2] from which the annuity will be purchased,[3] subject to the conditions described below, that will provide payments to C.S. as set forth below:

---

[1]  At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[2]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[3]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

   a.   A certain Lump Sum of $71,165.05 payable on February 26, 2041.

   b.   A certain Lump Sum of $83,203.95 payable on February 26, 2044.

   c.   A certain Lump Sum of $96,310.31 payable on February 26, 2047.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $100,000.00.  In the event that the cost of the certain lump sum annuity payments set forth above varies from $100,000.00, the certain lump sum payable on February 26, 2047, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $100,000.00. Should C.S. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to her estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of C.S.'s death.

These amounts represent all elements of compensation to which C.S. would be entitled under 42 U.S.C. § 300aa-15(a).[4]  Petitioner agrees.[5]

III.   **Summary of Recommended Payments Following Judgment**

   A.   A lump sum payment of $9,176.27 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

   B.   An amount of $100,000.00 to purchase the annuity contract described above in section II.B.

---

[4]  Should C.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[5]  At the time payment is received, C.S. will be an adult, and thus guardianship is not required. However, petitioner represents that she presently is, or if necessary, will become, authorized to serve as guardians/conservators of C.S.'s estate as may be required under the laws of the State of Missouri.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*/s/ Alyssa M. Petroff*
ALYSSA M. PETROFF
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-3852
Fax: (202) 616-4310
Email: Alyssa.Petroff2@usdoj.gov

Date: March 21, 2025

4